WILLIAM H. MOORE, PLAINTIFF-APPELLEE, v. ANTHONY R. RENSING, DEFENDANT-APPELLANT.

Decided January 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Thomas Brunetto*.

For the appellee, no brief filed.

PER CURIAM.

This is an appeal from a judgment rendered in the First Judicial District Court of the county of Essex, for the plaintiff below against the defendant below, the trial judge sitting without a jury.

The plaintiff below sued to recover from the defendant below damages alleged to have been sustained by the former as the result of an assault and battery alleged to have been committed upon him by the latter.

To the plaintiff's action, defendant filed a counter-claim, alleging defendant committed an assault and battery upon him, the defendant, at the time and place as alleged in the plaintiff's state of demand, when an assault and battery was committed upon him by the defendant.

According to the plaintiff's testimony, he was sitting in an automobile, behind the steering wheel, and at which time an argument was taking place between one Reynolds and

the defendant, the latter standing along side of the plaintiff's automobile.

Plaintiff testified that in the course of the argument between him and Reynolds, the former appealed to the plaintiff, after he, the defendant, had said to Reynolds: "Well, you know it is a case of when you get the right material you can do a right job with it," and turning toward the plaintiff, said, "Isn't that so, Bill?" whereupon the plaintiff remarked: "Well, Rensing, I generally give my men the material to do their job. You know that when you worked for me," to which Rensing replied: "You are a liar; I never worked for you." "It passed back and forth two or three times, and the first thing I knew got hit on the left side of my mouth which loosened up my bridgework on the left-hand side right through the window of the car" * * * that he, the plaintiff did not strike a blow until he was knocked down two or three times and got upon his feet and tried to strike back. There was also testimony to the effect that the plaintiff was pulled out of the car in such a manner that he, the plaintiff, fell upon his hand and shoulder, dislocating it.

From the testimony the trial judge was warranted in finding that the defendant was the aggressor, and that after plaintiff was dragged out of the car by defendant, and was knocked down two or three times, the fight was continued between them by mutual consent.

There are eight specifications of errors presented.

The first is that the damages awarded by the trial judge are excessive.

This specification cannot be considered upon appeal. It is a matter to be considered in the court of first instance, upon an application to the trial judge to set the verdict aside and grant a new trial, on the ground that the damages awarded are excessive. This it appears was not done.

Moreover, the trial judge was warranted in finding, under the evidence, there was no legal justification for the assault and battery committed upon the plaintiff by the defendant; and also in addition to awarding compensatory damages for

the injuries sustained by the plaintiff, could properly award punative damages.

The second point relied on is, that the assault and battery committed upon the plaintiff by the defendant was provoked. If the trial judge believed the plaintiff's version, as to how the trouble started, then the trial judge was warranted in finding as a matter of fact and of law that there was no legal justification for the striking of the plaintiff by the defendant while the former was sitting in the automobile.

The third point made is that the injuries were received by the plaintiff, while defendant was defending himself against plaintiff's assault.

This presented a question of fact for the trial judge to determine and his finding thereon is not reviewable, since there was testimony which tended to show plaintiff's injuries were received before a general fight started between the plaintiff and defendant.

The fourth and fifth specifications are not argued in the brief of counsel of appellant. Moreover, neither specification of error is a valid one. The fourth cannot be considered for if there be any evidence to support the finding of the trial judge, the verdict will not be disturbed. The fifth is without merit, since there was testimony from which the trial judge could properly find that the appellant was the aggressor in the assault committed upon the plaintiff. This view disposes of appellant's sixth point that the trial judge should have determined that he plaintiff-appellee was the aggressor.

The seventh and eighth specifications of errors are without merit.

Whether or not defendant-appellant established his counter-claim was a mixed question of law and fact. The facts were in dispute. Since the trial judge could properly find from the testimony adduced at the trial that plaintiff failed to sustain his counter-claim, the court's finding in that regard is not reviewable here.

Judgment is affirmed, with costs.